Present:  All the Justices

ERIC AMIR GHAMESHLOUY[1]

OPINION BY
v.  Record No. 091120          JUSTICE LAWRENCE L. KOONTZ, JR.
                                    February 25, 2010
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA


In this appeal, we consider whether the Court of Appeals correctly determined that an appeal of a conviction under a local ordinance should be dismissed because the defendant failed specifically to name the locality as a party to the appeal in his notice of appeal.  The defendant acknowledges that there was a defect in the notice of appeal, but contends that the locality waived its objection to this defect because an attorney representing the locality had made an appearance and responded on the merits of the appeal in the Court of Appeals.  With one judge dissenting, a panel of the Court determined that the deficiency in the notice of appeal deprived the Court of "jurisdiction" over the case and, thus, could not be waived by the subsequent appearance of the locality.

_____

[1] Throughout the proceedings, the last name of the appellant has been variously rendered as "Ghameshlouy," "Ghameshouly," or "Ghamesouly."  For purposes of this appeal, we will adopt the spelling as it appeared on the relevant charging instrument, which counsel for the appellant confirms is the proper spelling.

BACKGROUND

Because the Court of Appeals did not address the merits of the challenge to the conviction under the local ordinance, we are concerned here only with the procedural status of the appeal. Accordingly, we will confine our consideration to the procedural history of the case, addressing only those aspects of the merits necessary to place the proceedings in proper context.

On February 24, 2007, officers of the City of Virginia Beach Police Department responded to a report of a domestic altercation at a local motel. In the course of their investigation, the police entered a motel room occupied by Eric Amir Ghameshlouy and a female. When asked by police to identify himself, Ghameshlouy gave evasive and conflicting answers concerning both his name and age. The officers frisked Ghameshlouy and found two identification cards that showed his true name and date of birth. The officers advised Ghameshlouy that he was being arrested for giving false identity information to police, subsequently charging him by warrant with a violation of Virginia Beach City Code § 23-7.1 (hereinafter, "VBCC § 23-7.1"), which provides:

> It shall be unlawful and a Class 1 misdemeanor for any person at a public place or place open to the public to refuse to identify himself by name and address at the request of a uniformed police officer or of a properly identified police officer not in

2

uniform, or to provide false information in response
to such a request, if the surrounding circumstances
are such as to indicate to a reasonable man that the
public safety requires such identification.

In a search incident to this arrest, police discovered a
bag containing a white powder, later identified as cocaine, on
Ghameshlouy's person. Consequently, Ghameshlouy also was
charged by a felony warrant with possession of cocaine in
violation of Code § 18.2-250 and was subsequently indicted for
that offense.

Ghameshlouy was tried on the VBCC § 23-7.1 violation in
the City of Virginia Beach General District Court on April 6,
2007. He was convicted and sentenced to 180 days in jail with
170 days suspended on condition of 2 years probation.
Ghameshlouy noted his appeal from this conviction to the
circuit court.

On April 30, 2007, the Circuit Court of the City of
Virginia Beach conducted a hearing on a motion to suppress the
cocaine discovered on Ghameshlouy's person during the search
incident to his arrest. In briefing his motion to suppress,
Ghameshlouy contended that the officers' warrantless entry
into the motel room was unlawful because they had no probable
cause to believe that a crime was being committed in the room
and lacked a sufficient basis for believing that they could
enter the room under a "community caretaker" function, since

3

there was no evidence that the female had been the victim of a domestic assault. Ghameshlouy further argued that even if the officer's entry into the motel room was lawful, his arrest under VBCC § 23-7.1 was improper because a motel room was not "a public place or place open to the public." The circuit court denied the motion to suppress.

On July 24, 2007, in a proceeding before the circuit court, Thomas M. Murphy, a Deputy Commonwealth's Attorney in the Office of the Commonwealth's Attorney for the City of Virginia Beach, was acknowledged by the court as "present for the Commonwealth." It is not disputed, however, that Murphy was also representing the City in prosecuting the appeal of the local ordinance violation. See Code § 15.2-1627(B). Murphy informed the court that a conditional plea agreement had been reached covering the possession of cocaine charge and other state charges arising from a separate, unrelated incident, as well as a probation violation. Although the agreement originally also covered the VBCC § 23-7.1 offense, this language had been struck from the agreement prior to its presentation to the court. The plea agreement was styled "Commonwealth of Virginia v. Eric Amir Ghameshlouy."

After accepting the plea to the state charges, the circuit court conducted a bench trial on the VBCC § 23-7.1 charge on stipulated evidence. The sole issue before the

4

court was whether the motel room constituted "a public place or place open to the public" for purposes of applying the ordinance. Finding that a motel room was a public place because "[a]nyone can go there and rent a room if they would like," the circuit court found Ghameshlouy guilty of failing to identify himself to police and sentenced him to 12 months in jail with all time suspended. An order of conviction for violation of VBCC § 23-7.1, styled "CITY v. ERIC AMIR GHAMESHLOUY," was entered on July 30, 2007. A separate order of conviction on the state offenses, styled "COMMONWEALTH OF VIRGINIA v. ERIC AMIR GHAMESHLOUY" was entered on August 1, 2007.

On July 31, 2007, Ghameshlouy filed a notice of appeal in the record of the VBCC § 23-7.1 case, listing in its caption the circuit court docket number for that case as well as those assigned to each of the state law offenses for which he had entered guilty pleas. However, the caption named only the Commonwealth of Virginia as the prosecuting authority, and also named only the Commonwealth as the appellee in the Rule 5A:6(d) certificate at the end of the notice of appeal. In the body of the notice of appeal, in addition to identifying his conviction for possession of cocaine by conditional plea agreement after the denial of his motion to suppress, Ghameshlouy further indicated his intention to appeal the

5

"final judgment of the Circuit Court of the City of Virginia Beach, rendered . . . on July 24, 2007" in which Ghameshlouy was convicted of "the charge of refusing to provide identification to a police officer, <u>a violation of [the] Virginia Beach municipal code</u>." (Emphasis added.) However, the notice of appeal did not reference the July 30, 2007 order of conviction concerning the VBCC § 23-7.1 offense.[2]

In his petition for appeal in the Court of Appeals, Ghameshlouy acknowledged that the conviction for failure to identify was under the local ordinance. Nonetheless, the Rule 5A:12(c) certificate at the conclusion of the petition states that "the appellee is the Commonwealth of Virginia." Murphy, the Deputy Commonwealth's Attorney, filed a brief in opposition to Ghameshlouy's petition for appeal. Murphy indicated in the certificate at the conclusion of the brief in opposition that he was appearing as "counsel for the Commonwealth of Virginia." He did not raise the issue of the City not having been joined as a party to the appeal with respect to the VBCC § 23-7.1 conviction, but instead addressed the merits of the appeal.

---

[2] Ghameshlouy filed an identical notice of appeal in the record of the state cocaine possession conviction on August 2, 2007.

6

Although both the petition for appeal and the brief in opposition were styled in accord with the caption of the notice of appeal denoting the Commonwealth as the sole appellee, following a review by a judge of the Court, the Court of Appeals entered a per curiam order refusing the petition for appeal in which the "appellees" were denoted in the caption of the order as "Commonwealth of Virginia and City of Virginia Beach." The record does not disclose the reason this change in the style of the case was made.[3]

Ghameshlouy requested a review of his petition by a three-judge panel, which in an order dated June 10, 2008 refused the appeal as to the suppression issue related to the state cocaine conviction, but granted an appeal on the challenge to the VBCC § 23-7.1 conviction. This order also styled the appellees as "Commonwealth of Virginia and City of Virginia Beach" and was served on both the Virginia Beach

_____

[3] Although this Court will in appropriate circumstances change a style of a case to correct an error in form, see, e.g., McCloud v. Commonwealth, 269 Va. 242, 242 n.*, 609 S.E.2d 16, 16 n.* (2005), or to correct an error in the spelling of a party's name, see, e.g., Smit v. Shippers' Choice of Virginia, Inc., 277 Va. 593, 593 n.1, 674 S.E.2d 842, 842, n.1 (2009), in doing so we indicate the reason for the change. Nevertheless, Ghameshlouy does not rely upon that sua sponte change of the style of the case as the basis upon which the Court of Appeals acquired jurisdiction over his appeal.

Commonwealth's Attorney and the Office of the Attorney General.

On June 18, 2008, Ghameshlouy filed his opening brief in the Court of Appeals, reasserting his contention that a motel room is not "a public place or a place open to the public." Despite the modification of the style of the case by the Court of Appeals in its orders, in the caption of his brief and in the certificate at its end Ghameshlouy continued to identify the "Commonwealth of Virginia" as the appellee and further averred that service had been made upon the Assistant Attorney General representing the Commonwealth.[4]

On August 6, 2008, the Office of the Attorney General, on behalf of the Commonwealth, filed a motion in the Court of Appeals to amend the caption of the appeal in which it averred that "[t]he proper appellee is now the City of Virginia Beach and the Commonwealth's Attorney from that jurisdiction has agreed to become co-counsel in this matter." Noting that "upon an appeal to the Supreme Court the appellant could again challenge his [cocaine possession] conviction under the state statute," the Attorney General stated that the Commonwealth

---

[4] In subsequent proceedings, the City did not raise the issue of Ghameshlouy's failure to serve a copy of the opening brief on all opposing counsel as required by Rule 5A:19(f).

"should remain involved [in the appeal] at this stage."[5] Accordingly, the Attorney General "request[ed] that the caption of this case be amended to add the City of Virginia Beach as an appellee." By letter dated August 21, 2008, the Clerk of the Court of Appeals advised the Attorney General that "upon review of the caption of this case and the orders entered therein, the City of Virginia Beach is listed as an appellee. Accordingly, the Court will not take any action on [the Commonwealth's motion]."

On August 12, 2008, the Attorney General and the Commonwealth's Attorney for the City of Virginia Beach filed a joint brief styled as the "Brief for the Commonwealth," but captioned in accord with the style of the case in the order granting the appeal giving both the Commonwealth and the City as appellees. The brief made no objection to Ghameshlouy's failure to include the City as an appellee in the notice of appeal, addressing only the merits of the challenge to the VBCC § 23-7.1 conviction.

On September 26, 2008, the Attorney General filed a motion to dismiss the appeal, contending for the first time

---

[5] While it was possible that the Attorney General would have been required to defend an appeal of the state conviction in this Court, it is equally clear that the Attorney General had no obligation, or legal standing, to represent the locality in the appeal of the conviction under VBCC § 23-7.1. See Code § 2.2-511(A).

9

that because Ghameshlouy failed to expressly name the City, an indispensable party, as an appellee in the notice of appeal filed in the record of the VBCC § 23-7.1 conviction, the appeal of that conviction was barred for lack of jurisdiction. Ghameshlouy, at the direction of the Court of Appeals, filed a response to the motion in which he contended that the City had waived its objection to the defect in the notice of appeal because it had made a general appearance in the matter, through the Commonwealth's Attorney, by responding to the petition for appeal on the merits of his challenge to his VBCC § 23-7.1 conviction and by joining the Commonwealth's opening brief.

Following oral argument before a three-judge panel of the Court of Appeals, a majority of the panel determined that the appeal was barred for lack of jurisdiction and dismissed Ghameshlouy's appeal. Ghameshlouy v. Commonwealth, 54 Va. App. 47, 56, 675 S.E.2d 854, 858 (2009). The majority of the panel held that Ghameshlouy's failure to name the City as an appellee deprived the Court of jurisdiction over the appeal with respect to the local ordinance issue and that the doctrine of waiver could not be applied to provide the Court with that jurisdiction. Id. at 51-56, 675 S.E.2d at 856-58. The dissenting judge was of opinion that because the notice of appeal was timely filed in this case, the failure to

specifically name the City as an appellee was a defect that could be waived by the voluntary appearance of the City in the appellate court.  Id. at 61-78, 675 S.E.2d at 860-869 (Haley, J. dissenting).  Finding that the City had waived its objection to this defect in the notice of appeal by failing to raise the issue at the petition stage and then joining in the Commonwealth's brief on the merits of the granted appeal, the dissenting judge would have reached the merits and reversed Ghameshlouy's conviction, concluding that a motel room is not a "public place or place open to the public."  Id. at 86-87, 675 S.E.2d at 873 (Haley, J. dissenting).

Ghameshlouy filed a notice of appeal in the Court of Appeals seeking to challenge this judgment and the denial of his petition for appeal as to the cocaine possession charge. By an order dated September 11, 2009, we awarded Ghameshlouy an appeal, limited to the challenge of his conviction on the VBCC § 23-7.1 conviction and the Court of Appeals' dismissal of the appeal on that issue.  In that order, we directed the City to file a brief "address[ing] whether it was a party to the appeal of this case in the Court of Appeals."

DISCUSSION

The resolution of this appeal requires us to once again plumb the murky depths of the sea of "jurisdiction."  As aptly noted in the dissent below, " '[j]urisdiction is a word of

11

many, too many, meanings.' " Id. at 57, 675 S.E.2d at 859

(quoting United States v. Vanness, 318 U.S. App. D.C. 95, 85

F.3d 661, 663 n.2 (D.C. Cir. 1996)).

In this context, we recently observed, in Board of

Supervisors v. Board of Zoning Appeals, 271 Va. 336, 343-44 &

n.2, 626 S.E.2d 374, 379 & n.2 (2006), that subject matter

jurisdiction, perhaps best understood as the "potential"

jurisdiction of a court, is the authority granted to it by

constitution or statute over a specified class of cases or

controversies, and becomes "active" jurisdiction, the power to

adjudicate a particular case upon the merits, only when

various elements are present.

> Those elements are subject matter jurisdiction,
> which is the authority granted through constitution
> or statute to adjudicate a class of cases or
> controversies; territorial jurisdiction, that is,
> authority over persons, things, or occurrences
> located in a defined geographic area; notice
> jurisdiction, or effective notice to a party or if
> the proceeding is in rem seizure of a res; and the
> other conditions of fact must exist which are
> demanded by the unwritten or statute law as the
> prerequisites of the authority of the court to
> proceed to judgment or decree.  All these elements
> are necessary to enable a court to proceed to a
> valid judgment.

Id. at 343-44, 626 S.E.2d at 379 (internal quotation

marks, citations and footnote omitted).

In an effort to achieve further clarity, we begin our

discussion of the jurisdiction issue raised in this appeal by

12

identifying those aspects of the jurisdiction of the Court of Appeals with which we are not here concerned. First, we are not concerned with the statutory jurisdiction of the Court of Appeals to consider the subject matter of this appeal. Without question, the Court of Appeals has the authority, potential jurisdiction, to consider an appeal of any conviction in the circuit courts of this Commonwealth of a misdemeanor offense, whether brought pursuant to a state statute or a local ordinance. Code § 17.1-406(A). Nor are we concerned with whether the Court could exercise personal jurisdiction over the City of Virginia Beach, as the prosecuting authority on the VBCC § 23-7.1 conviction. It is well established that a general appearance by a party confers personal jurisdiction, and the City unquestionably made such an appearance in the Court of Appeals. Lyren v. Ohr, 271 Va. 155, 159, 623 S.E.2d 883, 885 (2006); Gilpin v. Joyce, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999); Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974) (per curiam).

Rather, the issue with which we are concerned is whether Ghameshlouy's appeal of his VBCC § 23-7.1 conviction was properly before the Court based upon the July 31, 2007 notice of appeal. That is, did the filing of the July 31, 2007 notice of appeal cause the potential jurisdiction of the Court of Appeals over this type of appeal to ripen into active

13

jurisdiction over the appeal of that specific case. With that issue in mind, we turn now to the question of what is required for an appellate court to acquire active jurisdiction over a case that falls within its potential jurisdiction.

When a circuit court renders a judgment that provides complete relief, leaving nothing to be done except for the superintendence of the judgment, that judgment is final and subject to being appealed. Although the circuit court's jurisdiction over the case extends 21 days beyond the entry of the final order, Rule 1:1, an appellate court will acquire jurisdiction over the case if a party aggrieved of the judgment, who was properly before the circuit court, notes an appeal of the judgment in the circuit court in accord with the rules of the appellate court having jurisdiction over the subject matter of the case. In the instance of a criminal conviction, other than a conviction for capital murder in which a sentence of death is imposed, the Court of Appeals has initial appellate jurisdiction, and the procedure for noting the appeal in the circuit court is controlled by this Court's Rule 5A:6.

As relevant to our resolution of the issue raised in this appeal, Rule 5A:6 provides:

> (a) <u>Filing Deadline; Where to File</u> – No appeal shall be allowed unless, within 30 days after the entry of final judgment . . . counsel files with the

14

clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the Clerk of the Court of Appeals . . .

(d) <u>Certificate</u> – The appellant shall include with the notice of appeal a certificate stating:

(1) the names . . . of <u>all</u> appellants and appellees, [and] the names . . . of counsel for each party, . . .

(2) that a copy of the notice of appeal has been mailed or delivered to all opposing counsel.

(Emphasis added.)

This Court has held that filing a timely notice of appeal is a mandatory prerequisite to an appellate court acquiring jurisdiction over a case. <u>Super Fresh Food Mkts. of Va. v. Ruffin</u>, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002); <u>School Board of City of Lynchburg v. Caudill Rowlett Scott, Inc.</u>, 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989); <u>Vaughn</u>, 215 Va. at 329-330, 210 S.E.2d at 142. Likewise, the Court of Appeals has recognized that strict adherence to the time requirement of Rule 5A:6 is necessary in order for the Court to acquire jurisdiction over a case. <u>Johnson v. Commonwealth</u>, 1 Va. App. 510, 512, 339 S.E.2d 919, 920 (1986).

Strict enforcement of the time requirements of the rules governing the noting of appeal is necessary because "[l]itigation is a serious and harassing matter, and the right to know when it is ended is a valuable right." <u>Avery v.</u>

15

County School Bd., 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951). Thus, dismissal of an untimely appeal is not merely a mechanical application of a technical rule to deprive a litigant of the right to appeal, rather "[t]he purpose of the specific time limit [for filing a notice of appeal] is not to penalize the appellant but to protect the appellee." Id.

While the filing of a timely notice of appeal is a prerequisite to an appellate court's obtaining and exercising jurisdiction over a case, not every requirement of the rule prescribing when and how a notice of appeal is to be prepared and filed implicates the court's initial acquisition of jurisdiction. Thus, we have never required that a notice of appeal be precise, accurate, and correct in every detail before the appellate court can acquire jurisdiction over the case in which the notice is filed. To the contrary, both this Court and the Court of Appeals have consistently held that most statutory and rule-based procedural prerequisites for the valid exercise of jurisdiction by a court may be waived, even when couched in mandatory terms by the language of the statute or rule. See, e.g., Porter v. Commonwealth, 276 Va. 203, 236-37, 661 S.E.2d 415, 431 (2008)(holding that statutory requirements for effecting granted motions for change of venue were not jurisdictional and were waived); Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) (holding that a

16

defendant's failure to comply with Rule 5A:20(e) did not deprive Court of Appeals of jurisdiction); State Water Control Bd. v. Crutchfield, 265 Va. 416, 423-24, 578 S.E.2d 762, 766 (2003) (holding that failure to have a copy of the petition for an appeal under the Administrative Process Act served on a party did not divest the circuit court of jurisdiction); Nelson v. Warden, 262 Va. 276, 285, 552 S.E.2d 73, 77-78 (2001) (holding that notice requirement of Code § 16.1-263(A) for valid transfer of jurisdiction over defendant from juvenile court to circuit court for trial as an adult was subject to waiver); Riner v. Commonwealth, 40 Va. App. 440, 452-53, 579 S.E.2d 671, 677-78 (2003), aff'd, 268 Va. 296, 601 S.E.2d 555 (2004) (holding that Rule 5A:12 was not jurisdictional and, thus, did not bar the Court from granting an appellant leave to amend and enlarge the questions presented in his petition for appeal).

In Johnson the Court of Appeals held that while the time limit for filing the notice of appeal under Rule 5A:6(a) was mandatory and, thus, jurisdictional, failing to file a copy of the notice with the Clerk of the Court of Appeals was merely a procedural error, and did not deprive the Court of jurisdiction over the case. Johnson, 1 Va. App. at 512-13, 339 S.E.2d at 920-21. Similarly, in M.G. v. Albemarle County Department of Social Services, 41 Va. App. 170, 177-78, 583

17

S.E.2d 761, 764-65 (2003), the Court held that a failure to strictly adhere to the certification of notice to other parties requirement of Rule 5A:6(d) would not bar the Court from obtaining jurisdiction over the appeal where other aspects of the record showed that the party was advised that a timely notice of appeal had been filed.  But cf. Watkins v. Fairfax County Dep't of Family Services, 42 Va. App. 760, 774, 595 S.E.2d 19, 26 (2004) (holding that indispensable party must be named in notice of appeal to properly perfect an appeal).

More recently in Woody v. Commonwealth, 53 Va. App. 188, 197, 670 S.E.2d 39, 44 (2008), the Court of Appeals held that where the appellant was convicted under a local ordinance for driving under the influence, and he failed to include the locality in the caption or certificate of his notice of appeal of that conviction, the Court never acquired jurisdiction over the appeal.  In reaching this conclusion, the Court of Appeals rejected the appellant's argument that service of the notice of appeal on the Commonwealth's Attorney, who, as in this case, had prosecuted the local ordinance offense in the circuit court, "effectively joined the [locality] as a party." Id. at 197-98, 670 S.E.2d at 44.  In doing so, the Court noted that the locality "has not appeared as a party on any pleading filed in this Court.  It has not filed a brief in opposition

to Woody's petition for appeal nor a brief in opposition to Woody's opening brief. In fact, there is no evidence in the record that the [locality] is even aware that this appeal is pending. Thus, the argument that the opposing party is fully aware of the issues is completely unsupported by the facts." Id. at 199 n.7, 670 S.E.2d at 45 n.7. A review of the records of the Court of Appeals confirms that, unlike the present case, the Commonwealth's Attorney for the locality under whose ordinance Woody was convicted did not make any appearance in the Court of Appeals, either on behalf of the Commonwealth or the locality, prior to the granting of Woody's appeal, after which point only the Attorney General appeared on behalf of the Commonwealth.[6] Id. at 194 n.3, 670 S.E.2d at 42 n.3.

Relying upon Woody, the majority of the panel of the Court of Appeals below found that Ghameshlouy's failure to identify the City as an appellee in the notice of appeal was a " 'jurisdictional defect that requires dismissal of the

---

[6] In appealing the judgment of the Court of Appeals to this Court, Woody did not reassert the argument that the locality had actual notice and, thus, was a de facto party to the appeal. Rather, he asserted that the circuit court record supported the contention that the Commonwealth, not the locality, had been the prosecuting authority on the DUI. We refused Woody's petition for appeal. Woody v. Commonwealth, Record No. 090229 (May 22, 2009) (order). The facts in Woody, and the argument made in this Court seeking to overturn the dismissal of the appeal by the Court of Appeals, are nearly analogous with those in Roberson v. Commonwealth, 279 Va. ___, ___ S.E.2d ___ (2010) (this day decided).

appeal.' " Ghameshlouy, 54 Va. App. at 51, 675 S.E.2d at 856 (quoting Woody, 53 Va. App. at 199, 670 S.E.2d at 45).  The majority further noted that, as in Woody, which had involved a simultaneous trial under the local ordinance and a state law violation for refusal to submit to a breath or blood test in violation of Code § 18.2-268.3, it was not sufficient that the City effectively had notice of the appeal because the Commonwealth's Attorney, who had been served with the notice of appeal, had represented both the Commonwealth and the City in the simultaneous prosecutions of Ghameshlouy for the state and local offenses.  Id. at 51-52 & nn.2 and 3, 675 S.E.2d at 856 & nn.2 and 3.

The majority went on to find that "this jurisdictional defect was not waived, as [Ghameshlouy] contends, as a result of the Commonwealth moving this Court to amend the caption of the case by adding the City of Virginia Beach as an appellee, and the City of Virginia Beach later purportedly joining in the Commonwealth's brief, addressing the merits of the misdemeanor conviction."  Id. at 54, 675 S.E.2d at 857.  The majority reasoned that because the defect in the notice of appeal was, in its view, "jurisdictional," Ghameshlouy never filed a valid notice of appeal with respect to the VBCC § 23-7.1 conviction and, thus, there was no case before the Court in which the City's appearance would constitute such a waiver.

20

Id. The majority thus concluded that the City's appearance before the Court was a nullity because there was "no authority for a third party to unilaterally participate in a pending appeal in this Court or the Virginia Supreme Court . . . . For a third party to be recognized as a party to a pending appeal, such party must obtain the Court's approval upon the party's motion to intervene," which had not been done in this case. Id. at 55, 675 S.E.2d at 858.

The essential question in this case, however, is whether the notice of appeal timely filed by Ghameshlouy on July 31, 2007, although defective, was sufficient to cause the potential jurisdiction of the Court of Appeals to consider such appeals to ripen into active jurisdiction over this specific case. The notice of appeal filed by Ghameshlouy identified the conviction which he sought to appeal by its docket number in the circuit court, and by further indicating that it was an appeal from a "final judgment of the Circuit Court of the City of Virginia Beach, rendered . . . on July 24, 2007" in which Ghameshlouy was convicted of "the charge of refusing to provide identification to a police officer, a violation of [the] Virginia Beach municipal code." (Emphasis added.) Moreover, since a court " 'speaks only through its orders,' " Jefferson v. Commonwealth, 269 Va. 136, 139, 607 S.E.2d 107, 109 (2005) (citation omitted), at the time this

21

notice of appeal was filed the only judgment that had been rendered by the circuit court in the July 24, 2007 trial was on the local ordinance violation, as the sentencing order confirming the plea agreement had yet to be entered on the state felony charges.  Thus, while the notice of appeal is not a model of clarity, it was sufficient on its face to identify the conviction under VBCC § 23-7.1 as the case being appealed, without reference to any other document in the record.  This is all that is required for the Court of Appeals to obtain jurisdiction over the case.

The Court of Appeals having obtained jurisdiction over the case, the defect in the notice of appeal in not naming the proper appellee, which otherwise would have justified dismissal of the appeal, was potentially subject to waiver. That waiver clearly occurred by the subsequent actions of the City and Ghameshlouy's assertion of that waiver when the issue was raised for the first time by the Commonwealth after the appeal had been briefed by the Commonwealth and the City jointly.  Accordingly, we hold that the Court of Appeals erred in dismissing Ghameshlouy's appeal of his VBCC § 23-7.1 conviction on the ground that it did not have jurisdiction over the case or the proper appellee.

22

CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals dismissing Ghameshlouy's appeal. Because the Court of Appeals did not reach the merits of the issue whether the circuit court erred in ruling that a motel room was a "public place or place open to the public" for purposes of applying VBCC § 23-7.1, we will not address that issue here, but will remand the case to the Court of Appeals for further proceedings consistent with the views expressed in this opinion. Upon remand, the style of the case shall be amended to reflect that the City of Virginia Beach is the appellee.

<u>Reversed and remanded</u>.