COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Haley
Argued at Salem, Virginia

JACK STANLEY EVANS, JR.

                                                        OPINION BY
v.       Record No. 2244-11-3            JUDGE JAMES W. HALEY, JR.
                                                        DECEMBER 26, 2012
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Carter B. Garrett (Garrett & Garrett, P.C., on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        To grant this Court active jurisdiction, Rule 5A:6 requires the notice of appeal to identify

the case being appealed.  The question here for resolution is whether the notice of appeal

sufficiently identified the matter being appealed to grant this Court such jurisdiction.

I.

        The facts may be concisely stated.

        In a consolidated trial, a jury convicted Jack Stanley Evans, Jr. of felony failure to

appear, designated Case No. CR10009891-00, in violation of Code § 19.2-128, and of perjury,

designated Case No. CR11009957-01, in violation of Code § 18.2-434.  The two indictments

charged unrelated crimes on different dates, that is, they did not arise out of the same criminal

conduct.  They were consolidated only for purposes of trial.  They were not merged into a single

case file and/or assigned a single circuit court case number.

        A notice of appeal was prepared and timely filed by counsel.  The only designation of the

identity of the case to be appealed read as follows:  "NOTICE OF APPEAL FROM THE TRIAL

COURT FILE NO. CR10009891-00." The notice did not refer by name to the crime for which Evans was convicted, nor did the notice contain a citation to the statute defining that crime.

Evans intended to appeal his conviction for perjury, CR11009957-01, not his conviction for felony failure to appear, CR10009891-00. The petition filed in support of Evans' appeal raised evidentiary and sufficiency issues involving the perjury conviction alone. The brief in opposition to the appeal, filed by the assistant Commonwealth's attorney, addressed only those issues.

The petition for appeal was denied by one-judge order, for insufficient identification of the case appealed, addressing that issue *sua sponte*. Subsequently, a three-judge panel granted the appeal and directed the parties to address the following additional issue: "[W]hether this Court can address the merits of appellant's challenges to his conviction upon the perjury indictment despite the failure to include in his notice of appeal the circuit court case number corresponding to that conviction." Both Evans and the Commonwealth did so, on brief and in oral argument before the merit panel.

## II.

On brief, defense counsel candidly and admirably admits that the error in the notice of appeal was his alone, not one involving the trial court or its clerk's office. Evans contends on brief: "The notice of appeal timely filed . . . meets each of the mandatory requirements of Rule 5A:6. The case number, not a [R]ule 5A:6 requirement, is the only indicator to suggest that appellant did not intend to prosecute his appeal on the issue of perjury." But the question arises: What in the notice of appeal indicates the case Evans did want to appeal? As earlier noted, there is *no indication as to the identity* of the case Evans intended to appeal, such as a designation of the crime or the statute under which he was convicted.

Relying on Ghameshlouy v. Commonwealth, 279 Va. 379, 689 S.E.2d 698 (2010), Evans argues the defect here is procedural only and is subject to waiver. In that case, Ghameshlouy had been convicted under a Virginia Beach city code provision making it unlawful to provide false identifying information to the police. Id. at 385, 689 S.E.2d at 700. Seeking to appeal his conviction to this Court, Ghameshlouy filed a notice of appeal identifying the conviction by docket number and stating he was convicted under the local ordinance, but failing to name the locality as a party to the appeal. Id. In response to the petition for appeal, the Virginia Beach prosecutor did not raise the issue that the notice did not identify the locality, rather than the Commonwealth, as the appellee. Id. at 386, 689 S.E.2d at 701. The Supreme Court of Virginia held that Ghameshlouy's failure to name the locality as an appellee, as required by Rule 5A:6, was a procedural defect that was waived when the locality did not note its objection to this defect at the petition stage and later joined in the Commonwealth's brief on the merits of the granted appeal. Id. at 394, 689 S.E.2d at 706. Thus, the potential jurisdiction of this Court ripened into active jurisdiction to consider the case. Id.

Evans maintains that because the prosecutor's brief in opposition in this case addressed only the issues involving the perjury conviction, and did not address the defect in his notice of appeal, that defect was waived, as in Ghameshlouy. In Ghameshlouy, however, the Court noted:

> The notice of appeal filed by Ghameshlouy identified the conviction which he sought to appeal by its docket number in the circuit court, and by further indicating that it was an appeal from a "final judgment of the Circuit Court of the City of Virginia Beach, rendered . . . on July 24, 2007" in which Ghameshlouy was convicted of "the charge of refusing to provide identification to a police officer, *a violation of [the] Virginia Beach municipal code*."

Id. at 394, 689 S.E.2d at 705-06. The Court continued: "[W]hile the notice of appeal is not a model of clarity, *it was sufficient on its face to identify the conviction under [the Virginia Beach*

*ordinance] as the case being appealed, without reference to any other document in the record.”* Id. at 394, 689 S.E.2d at 706 (emphasis supplied).

The Virginia Supreme Court decided Roberson v. Commonwealth, 279 Va. 396, 689 S.E.2d 706 (2010), on the same day and immediately following Ghameshlouy. Roberson had been convicted of violating § 21-1 of the Virginia Beach City Code, which incorporated by reference Code § 18.2-266 prohibiting driving under the influence (DUI). Roberson, 279 Va. at 399, 689 S.E.2d at 708. Roberson's notice of appeal contained the circuit court case number and recited he had been convicted of DUI, but did not reference either Virginia Beach Code § 21-1 or Code § 18.2-266 as the offense of conviction. Id. at 399-400, 689 S.E.2d at 708. Nor did the notice name the locality as an appellee, naming only the Commonwealth of Virginia. Id. at 399, 689 S.E.2d at 708. Both the petition for appeal and the brief in opposition referred to Roberson's offense of conviction as Code § 18.2-266 and did not mention Virginia Beach Code § 21-1. Id. at 400, 689 S.E.2d at 708-09. Contrasting the notice of appeal Roberson filed with the Ghameshlouy notice of appeal, which contained references “clearly indicating that the appeal pertained to the local ordinance conviction,” id. at 404, 689 S.E.2d at 711, the Court found,

> On its face, the notice of appeal appears to be what Roberson has
> . . . maintained it was, i.e. a notice of appeal for a DUI conviction
> obtained by the Commonwealth pursuant to Code § 18.2-266.
> Given the absence of information sufficient to identify the offense
> being appealed as a conviction under the local ordinance . . . , the
> notice of appeal failed to satisfy the minimum requirement to
> confer jurisdiction over the case to the Court of Appeals.

Id. at 407-08, 689 S.E.2d at 713.

The contrast between the identity of the offense of conviction in the notices of appeal in both Ghameshlouy and Roberson, and the one under review in this case, is stark. In both Ghameshlouy and Roberson, one is able to discern from the notices of appeal the nature of the

- 4 -

offenses appealed, at a minimum. Here, the notice of appeal identifies the appealed conviction only by reference to a case file number for Evans' conviction of failing to appear, not perjury.

"As a general rule, insubstantial defects in a timely filed appeal 'should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.'" Christian v. Virginia Dep't of Soc. Servs., 45 Va. App. 310, 315, 610 S.E.2d 870, 872 (2005) (quoting Becker v. Montgomery, 532 U.S. 757, 767-68 (2001)). The Court in Ghameshlouy made the same point:

> While the filing of a timely notice of appeal is a prerequisite to an appellate court's obtaining and exercising jurisdiction over a case, not every requirement of the rule prescribing when and how a notice of appeal is to be prepared and filed implicates the court's initial acquisition of jurisdiction. Thus, we have never required that the notice of appeal be precise, accurate, and correct in every detail before the appellate court can acquire jurisdiction over the case in which the notice is filed.

Ghameshlouy, 279 Va. at 391, 689 S.E.2d at 704.

Succinctly stated, while a procedural defect in a notice of appeal may not necessarily be fatal to an appellate court obtaining jurisdiction, and while such a procedural defect can be subject to waiver, see Roberson, 279 Va. at 407, 689 S.E.2d at 713, two aspects of a notice of appeal are mandatory substantive requirements: a notice of appeal must be timely filed, and it must "adequately identif[y] the case to be appealed." Id. at 407, 689 S.E.2d at 712-13. "Any defect in the notice of appeal that does not touch on its timeliness *or the identity of the case to be appealed is procedural only*." Id. at 407, 689 S.E.2d at 713 (emphasis supplied).

We conclude that the notice of appeal, on its face and without reference to other documents in the record, is insufficient to identify the conviction appealed and that that

insufficiency is a substantive rather than a procedural defect.[1] Therefore, the appeal is

dismissed, as we are without active jurisdiction to hear the same.

Dismissed.

---

[1] At oral argument, counsel for appellant acknowledged that the core of his argument was that the lack of sufficient identification of the case appealed is a procedural defect that was waived because the prosecutor's brief in opposition did not assert the defect. We have held that insufficient identification of the case to be appealed is a substantive defect. That said, in the abstract, even a substantive mandatory requirement could theoretically be waived, if a defect in the same were not raised at some point in the proceedings, either by a party or a court *sua sponte*. Here, however, even if the prosecutor's failure to question the defect could constitute a waiver, the Commonwealth on brief and in oral argument challenged the defect as barring this Court's active jurisdiction. "The Commonwealth may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney . . . ." In Re: Va. Dept. of Corrections, 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981). See also Cross v. Commonwealth, 49 Va. App. 484, 493-94, 642 S.E.2d 763, 768 (2007), vacated on other grounds, 52 Va. App. 598, 665 S.E.2d 861 (2008).