UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and Senior Judge Frank
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.     Record No. 0944-15-4     JUDGE WILLIAM G. PETTY
NOVEMBER 10, 2015

GUY DOUGLAS DUBOIS, JR.


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

Ronald Hur, Senior Assistant Public Defender, for appellee.


Pursuant to Code § 19.2-398, the Commonwealth appeals the decision of the trial court

granting Guy Douglas Dubois, Jr.'s motion to suppress evidence. On appeal, the

Commonwealth argues that the trial court erred in finding that the encounter between Dubois and

First Sergeant Grella was not consensual and Dubois's consent to a search of his person was not

voluntary. For the following reasons, we vacate the order granting this appeal as improvidently

granted and dismiss the petition for appeal for lack of jurisdiction to consider it.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.[1]

Dubois was arrested and indicted for knowingly and intentionally possessing a Schedule I or II controlled substance, in violation of Code § 18.2-250. Dubois filed a motion to suppress the evidence recovered in the search of his person and his car, alleging that it was obtained as the result of an illegal search and seizure. On May 18, 2015, the trial court held a hearing on the motion to suppress. On May 21, 2015, the court issued a letter opinion granting the motion to suppress. The Commonwealth filed a notice of appeal with the trial court on May 26, 2015. On May 29, 2015, the trial court entered an order granting Dubois's motion to suppress. On June 2, 2015, the Commonwealth filed a second notice of appeal with the trial court and mailed a copy to this Court.

The Commonwealth timely filed its petition for appeal to this Court. Dubois filed a brief in opposition to the petition, arguing that the petition should be dismissed because the Commonwealth's notices of appeal were fatally deficient. On July 28, 2015, this Court granted the Commonwealth's petition for appeal. In our grant order, we reserved decision on the adequacy of the notice of appeal and directed both parties to brief the issues of whether the Commonwealth properly noted its appeal and whether the appeal is properly before this Court.

II.

Thus, at the outset, we address appellee's challenge to this appeal on the grounds that both of the Commonwealth's notices of appeal were fatally defective because they failed to

---

[1] Because we decide this appeal on procedural grounds, we need not set out the facts of the underlying offense.

- 2 -

comply with the requirements of Rule 5A:6 and Code § 19.2-400. Specifically, Dubois contends that the June 2 notice of appeal is deficient because it was not timely filed and because it was not signed by the attorney for the Commonwealth. And, Dubois argues, the May 26 notice of appeal is insufficient because it does not adequately identify the case being appealed and no copy was sent to this Court.

In order for a notice of appeal to confer active jurisdiction on this Court it must only be timely filed and identify the order being appealed. Roberson v. Commonwealth, 279 Va. 396, 407, 689 S.E.2d 706, 712-13 (2010). Although there are a number of rules and relevant statutes governing notices of appeal, we have said that:

> "[N]ot every requirement of the rule prescribing when and how a notice of appeal is to be prepared and filed implicates the court's initial acquisition of jurisdiction. Thus, we have never required that the notice of appeal be precise, accurate, and correct in every detail before the appellate court can acquire jurisdiction over the case in which the notice is filed."

Evans v. Commonwealth, 61 Va. App. 339, 344-45, 735 S.E.2d 252, 254 (2012) (quoting Ghameshlouy v. Commonwealth, 279 Va. 379, 391, 689 S.E.2d 698, 704 (2010)). "[T]wo aspects of a notice of appeal are mandatory substantive requirements: a notice of appeal must be timely filed, and it must 'adequately identif[y] the case to be appealed.'" Id. at 345, 735 S.E.2d at 254-55 (second alteration in original) (quoting Ghameshlouy, 279 Va. at 407, 689 S.E.2d at 712-13). And "[a]ny defect in the notice of appeal that does not touch on its timeliness or the identity of the case to be appealed is procedural only." Roberson, 279 Va. at 407, 689 S.E.2d at 713. An error that is procedural only does not deprive this Court of active jurisdiction nor mandate dismissal of the appeal. Evans, 61 Va. App. at 345, 735 S.E.2d at 254-55. "As a general rule, insubstantial defects in a timely filed appeal 'should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.'" Id. at 344,

735 S.E.2d at 254 (quoting Christian v. Va. Dep't of Soc. Servs., 45 Va. App. 310, 315, 610 S.E.2d 870, 872 (2005)).

However, significant procedural requirements should not be ignored. "[A] violation of a non-jurisdictional, though mandatory requirement of the Rules governing the processing of appeals in this Court" can "constitute[] a waiver of [the appellant's] question presented [now assignment of error] and supporting argument." Smith v. Commonwealth, 56 Va. App. 351, 353-54, 693 S.E.2d 765, 766 (2010), aff'd, 281 Va. 464, 706 S.E.2d 889 (2011); see Johnson v. Commonwealth, 1 Va. App. 510, 513, 339 S.E.2d 919, 921 (1986).

We start our analysis with the notice of appeal filed on June 2, 2015 with the circuit court, a copy of which was sent to this Court pursuant to Rule 5A:6. Dubois does not challenge that the June 2 notice of appeal, on its face, adequately identifies the case being appealed. However, Dubois argues that the June 2 notice of appeal was not timely filed because it was filed more than seven days after the court's May 21 letter opinion granting the motion to suppress. On the other hand, the Commonwealth contends that the mandatory period for filing the notice of appeal runs from the trial court's entry of the order memorializing its May 21 ruling. We agree with the Commonwealth.

We begin with the distinction between the rendition of a judgment and the entry of an order by the court. "'The rendition of a judgment duly pronounced is the judicial act of the court, and the entry or recording of the instrument memorializing the judgment "does not constitute an integral part of, and should not be confused with, the judgment itself."'" Taylor v. Commonwealth, 58 Va. App. 435, 438 n.1, 710 S.E.2d 518, 520 n.1 (2011) (quoting Jefferson v. Commonwealth, 269 Va. 136, 139, 607 S.E.2d 107, 109 (2005)). "'A judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding. A written order or decree endorsed by the judge is but

evidence of what the court has decided.'" Rollins v. Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964) (quoting Haskins v. Haskins, 185 Va. 1001, 1012, 41 S.E.2d 25, 31 (1947)). However, "[t]his point does not contradict the oft-repeated maxim that a court speaks only through its orders, a proposition which 'deals with evidence of judicial action, that is, a declaration of historical fact.'" Taylor, 58 Va. App. at 438 n.1, 710 S.E.2d at 520 n.1 (quoting Jefferson, 269 Va. at 139-40, 607 S.E.2d at 109-10).

In the present case, the letter opinion by the trial court constituted a valid judicial act of the court. "[T]he evidence of the written order entered [on May 29, 2015] (the court speaking through its order) shows substantively that the valid judicial act . . . was performed . . . ." Jefferson, 269 Va. at 140, 607 S.E.2d at 110.

While the rendition of judgment constituted the relevant judicial act, we conclude that it is the date of the entry of the order by the circuit court, not the circuit court's rendition of a judgment, that matters for purposes of timely filing a notice of appeal. Code § 19.2-400 governs the procedure for appeals to this Court by the Commonwealth. In relevant part, Code § 19.2-400 reads: "No appeal shall be allowed the Commonwealth pursuant to subsection A of § 19.2-398 unless within seven days after *entry of the order* of the circuit court from which the appeal is taken . . . the Commonwealth files a notice of appeal with the clerk of the trial court." (Emphasis added). And, pursuant to Rule 5A:6(a), "[a] notice of appeal filed after the court announces a decision or ruling — but before the entry of such judgment or order — is treated as filed on the date of and after the entry." Thus, both Code § 19.2-400 and Rule 5A:6(a) make clear that it is the date of the court's order recording the judgment of the court, not the date of the trial court's opinion or ruling, that is the start of the Commonwealth's seven-day period for filing the notice of appeal. Under Code § 19.2-400, the Commonwealth had seven days following the entry of the court's May 29 order in which to file a notice of appeal. The Commonwealth's June 2 notice

of appeal fell within this time period. Because the June 2 notice of appeal was timely filed and clearly identified the order being appealed, it was sufficient to confer jurisdiction on this Court. Roberson, 279 Va. at 407, 689 S.E.2d at 712-13.

While sufficient to confer jurisdiction, we nonetheless find that the June 2 notice of appeal was defective because the copy that was filed in the trial court was not signed by the attorney for the Commonwealth.[2] Code § 8.01-271.1 requires that "every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . ." The Supreme Court applied this code section to criminal pleadings in Livingston v. Virginia State Bar, 286 Va. 1, 15, 744 S.E.2d 220, 227 (2013) (discussing whether an assistant Commonwealth's attorney violated the rules of professional conduct by signing a brief that quoted an indictment charging a defendant with the wrong offense). Additionally, Rule 1:4(c), which applies to all pleadings, mandates that "[c]ounsel or an unrepresented party who files a pleading shall sign it and state his address." Code § 8.01-271.1 further states "If a pleading, written motion, or other paper is not signed, it *shall be stricken* unless it is signed promptly after the omission is called to the attention of the pleader or movant." (Emphasis added). The lack of signature on the June 2 notice of appeal was called to the attention of the Commonwealth in Dubois's brief in opposition. Nevertheless, there is nothing in the record indicating that the assistant Commonwealth's attorney filed an amended, signed copy of the notice of appeal with the trial court. See Chatman v. Commonwealth, 61 Va. App. 618, 739 S.E.2d 245 (2013) (holding that an appellant who filed a timely petition for appeal can file an amended petition after the deadline for filing had passed). While a signature

---

[2] We note, however, that the copy of the notice of appeal sent to this Court was signed by the assistant Commonwealth's attorney assigned to the case. That, however, does not absolve the Commonwealth of the requirement to file a signed copy with the trial court after receiving notice of the defect.

on the notice of appeal is not required to confer jurisdiction on this Court, it is clearly a mandatory procedural requirement that was not met by the Commonwealth in this case. As required by Code § 8.01-271.1, we strike the June 2 notice of appeal from the record and do not consider it for purposes of this opinion.[3]

Because we have stricken the June 2 notice of appeal from the record, we turn to the sufficiency of the May 26 notice of appeal. Dubois contends that the May 26 notice of appeal does not adequately identify the case being appealed because it fails to reference the date of the decision being appealed or the date of the hearing, and it fails to state what judgment the Commonwealth is appealing and to which court it is appealing.

"'As a general rule,'" a notice of appeal should leave "'no genuine doubt . . . about who is appealing, from what judgment, to which appellate court.'" Evans, 61 Va. App. at 344, 735 S.E.2d at 254 (quoting Christian, 45 Va. App. at 315, 610 S.E.2d at 872). If a "notice of appeal, on its face and without reference to other documents in the record, is insufficient to identify the conviction appealed . . . that insufficiency is a substantive rather than a procedural defect," which deprives this Court of active jurisdiction to hear the case. Id. at 345, 735 S.E.2d at 255; Ghameshlouy, 279 Va. at 394, 689 S.E.2d at 706.

In Roberson, the Supreme Court held that a notice of appeal identifying the case by the docket number alone was insufficient to identify the conviction being appealed, when the offense could have been prosecuted under a state or local ordinance. 279 Va. at 407-08, 689 S.E.2d at 713. However, the docket number, along with other identifying information, may be sufficient to identify the case being appealed. For example, in Ghameshlouy, the Supreme Court held that a notice of appeal was sufficient even though it named the wrong appellee, because it contained

---

[3] In his brief, Dubois argues that the June 2 notice of appeal should be stricken due to the Commonwealth's failure to submit an amended signed notice after the omission was called to its attention. Appellee's Br. at 18.

the docket number and the date of the final order, and stated that Ghameshlouy was convicted of a violation of the Virginia Beach Municipal Code.  279 Va. at 394, 689 S.E.2d at 705-06.

And in Evans, we considered a notice of appeal which referenced only the case number for a different conviction than the one Evans intended to appeal.  61 Va. App. at 341, 735 S.E.2d at 253.  The notice did not refer to the crime for which Evans was convicted, did not cite the statute defining the crime, did not indicate that the judgment being appealed was a criminal conviction, and did not contain the date of the order being appealed or the court being appealed to.  Id.  With nothing other than an incorrect docket number, we held that the notice of appeal was insufficient to identify which conviction Evans was appealing.  Id. at 345, 735 S.E.2d at 255.

Here, the Commonwealth's May 26 notice of appeal merely lists the case number for Dubois's case and specifies that it is a "Notice of Interlocutory Appeal pursuant to Virginia Code § 19.2-398(A)(2)."  Code § 19.2-398.2(A)(2) governs Commonwealth's appeals from the denial of a motion to suppress.  However, this reference to the Code requires a review of the record to determine if there was only a single motion to suppress decided.  This clearly fails to meet the required standard of clarity that the notice "on its face and without reference to other documents in the record" identify the order being appealed.  Evans, 61 Va. App. at 345, 735 S.E.2d at 255.  The notice fails to contain any information identifying the judgment being appealed; the notice does not include the date of the underlying hearing, the date of the letter opinion of the court, or even a summary the court's ruling.  Further, the notice of appeal does not even state that the Commonwealth is appealing to the Court of Appeals.  Thus, on its face, this notice of appeal, like the one in Evans, gives no indication as to what judgment is being appealed

and to which court. We hold that the docket number and the reference to Code § 19.2-398 are insufficient to adequately identify the order being appealed.[4]

The May 26 notice of appeal was therefore insufficient to confer jurisdiction on this Court. Therefore, the record is devoid of a notice of appeal giving this Court the jurisdiction to consider the merits of this appeal.

III.

For the foregoing reasons, we strike the June 2 notice of appeal from the record and determine that the May 26 notice of appeal is insufficient to confer jurisdiction on this Court. Accordingly, we vacate the order granting this appeal as improvidently granted, dismiss the

---

[4] Additionally, the May 26 notice of appeal failed to comply with basic, mandatory procedural requirements of Rule 5A:6.

First, Rule 5A:6(c) requires that "[a] copy of the notice of appeal shall be filed in the office of the clerk of the Court of Appeals." The May 26 notice of appeal was never sent to this Court. In Johnson, we held that the failure to send a copy of the notice of appeal to the clerk of this Court, is a significant, although non-jurisdictional, error. 1 Va. App. at 513, 339 S.E.2d at 921 ("In holding the requirement of mailing to the clerk administrative rather than jurisdictional, we do not minimize the necessity of adherence to the mandate of the Rule by members of the Bar. We consider the requirement in the Rule to be significant and one that should not be ignored. Litigants and their attorneys must read and comply with the plain language contained therein. Sanctions may be imposed unless an extension of time for complying with the Rule is granted . . . .").

Second, Rule 5A:6(d) requires that an appellant include with the notice of appeal a certificate containing specific information. Here, the certificate attached to the May 26 notice of appeal merely states: "I hereby certify that a copy of the foregoing Notice of Interlocutory Appeal was emailed to Jeremie Childress, Office of the Public Defender, on May 25, 2015." This sparse statement clearly fails to satisfy the requirements set forth in Rule 5A:6(d).

Thus, we note that in addition to being substantively insufficient to confer jurisdiction on this Court, the May 26 notice of appeal failed to comply with significant procedural requirements.

- 9 -

petition for appeal for lack of jurisdiction to consider it, and remand for such further proceedings as the Commonwealth deems appropriate.[5]

Vacated, dismissed, and remanded.

---

[5] We note in passing that we have recently been required to dismiss appeals by the Commonwealth because of its failure to abide by the Rules and statutes pertaining to Commonwealth's appeals. See Commonwealth v. Spinola, No. 0535-15-4 (Va. Ct. App. Sept. 8, 2015); Commonwealth v. Harris, No. 1316-13-2 (Va. Ct. App. Sept. 20, 2013); Commonwealth v. Williams, No. 1728-12-4 (Va. Ct. App. Nov. 21, 2012); Commonwealth v. Square, No. 2526-11-2 (Va. Ct. App. June 12, 2012); Commonwealth v. Smith, No. 1250-09-4 (Va. Ct. App. Feb. 11, 2010). The Constitution grants a right of appeal to the Commonwealth only in such manner as is specifically authorized by the General Assembly. Va. Const. art. 6, § 1. Accordingly, the statutory requirements "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." Commonwealth v. Hawkins, 10 Va. App. 41, 44, 390 S.E.2d 3, 5 (1990) (quoting Crews v. Commonwealth, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987)). Thus:

> We take the occasion . . . to reiterate the jurisdictional nature of [filing requirements involving Commonwealth's appeals] and to reemphasize the necessity of compliance with its mandatory requirements . . . and we lament the numerous instances in which we have been forced to dismiss appeals because of failure to observe the [statutory] requirements.

Towler v. Commonwealth, 216 Va. 533, 534, 221 S.E.2d 119, 121 (1976).