*VIRGINIA:*

PUBLISHED

*In the Court of Appeals of Virginia on* **Tuesday** *the* **15th** *day of* **February, 2022**.

Eugene N. Johnson, Appellant,

  against           Record No. 1085-21-1
                         Circuit Court No. CR19000126-00

Commonwealth of Virginia, Appellee.

From the Circuit Court of the City of Norfolk

Before Judges Humphreys, Causey, and Senior Judge Frank

On January 3, 2022, came the City of Norfolk (the City), by counsel, and filed a motion asking this Court to amend the style of the case to substitute the City as the appellee and to suspend the briefing schedule. On January 4, 2022, this Court suspended briefing pending further order of the Court.

Upon his guilty pleas, the Circuit Court of the City of Norfolk convicted appellant of driving with a suspended license, third or subsequent offense; disregarding a stop light; and driving a vehicle with expired tags. On the driving with a suspended license conviction, the trial court sentenced appellant to ninety days in jail with all but one weekend suspended. The sentencing order lists the offense as a violation of Code § 46.2-301. The disposition notice, however, includes a reference to Norfolk City Ordinance § 25-152, the local ordinance that prohibits driving with a suspended license.

Appellant timely filed his notice of appeal. The notice correctly identified the conviction being appealed by record number, type of conviction, and date of judgment. Although the notice of appeal is styled "Commonwealth of Virginia v. Eugene Johnson," the certificate in the notice correctly identified the City of Norfolk as the appellee and the certificate of service states that it was served on the City Attorney. Thus, the City had proper notice of the appeal.

In its motion to amend the style of the appeal, the City notes that in the circuit court's final order, the case is styled "City of Norfolk v. Eugene N. Johnson." The City further notes that appellant was prosecuted

by the City Attorney under the local ordinance and was not prosecuted by the Commonwealth. Therefore, the City concludes, the City of Norfolk and not the Commonwealth is the proper party respondent in this case. Further, the City avers that both appellant and the Commonwealth[1] informed counsel for the City that they have no objection to the amendment of the style of the case.

"Any defect in the notice of appeal that does not touch on its timeliness or the identity of the case to be appealed is procedural only." *Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021) (quoting *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010)). Thus, mistakenly identifying the Commonwealth, rather than the locality, as the prosecuting authority is not a fatal jurisdictional defect. *Id.* at 23. Indeed, the Supreme Court has held that any defect in a notice of appeal caused by naming the incorrect appellee was subject to waiver. *Id.* (citing *Ghameshlouy v. Commonwealth*, 279 Va. 379, 394 (2010)). Specifically, a waiver occurs "when the proper party" does not object to the incorrect naming of the Commonwealth as the party respondent in the notice of appeal and has entered a general appearance in the case. *Id.* Thus, in *Nicholson*, the waiver occurred when the locality entered a general appearance acknowledging it had received timely notice of Nicholson's appeal, withdrew its opposition to Nicholson's motions, and consented to the relief she requested. *Id.* at 21. Similarly, in *Ghameshlouy*, the waiver occurred when the locality filed a joint brief with the Commonwealth. 279 Va. at 387.

Here, the City has entered a general appearance and requested that the Court amend the style of the case. By doing so, the City has waived any objection to the defect in the notice of appeal.

For the foregoing reasons, and it appearing proper, the City's motion to amend the style is granted and the style of this case hereby is amended to reflect that the City of Norfolk is the proper appellee in this case. The case shall hereinafter be styled as *Johnson v. City of Norfolk*. The stay of proceedings in this Court hereby is lifted and the briefing schedule in this case shall commence from the date of entry of this order.

---

[1] The Attorney General does not have authority to represent localities for violations of local ordinances. *See* Code § 2.2-511.

This issue arises with such regularity that members of the bar may benefit from the publication thereof, and the clerk is so directed.

A Copy,

Teste:

A. John Vollino, Clerk

By:  *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk