A89A1207. CITIZENS & SOUTHERN CAPITAL CORPORATION
et al. v. SWEETWATER HOMES, INC. et al.
(382 SE2d 399)

DEEN, Presiding Judge.

Appellant sued Sweetwater Homes, Inc., Harold Brooks and Buster Keeton in the State Court of DeKalb County to enforce a written equipment lease agreement. Brooks and Keeton, as individual guarantors, were personally served at their residences in Alabama, and acknowledged service. The complaint alleged that Brooks and Keeton had submitted themselves to the jurisdiction and venue of the DeKalb State Court pursuant to the terms and conditions of their individual guaranties. The leasing agreement, as attached to the complaint, provided: "Guarantor agrees that performance and payment of its obligations under this continuing guaranty shall be made in DeKalb County, Georgia. Guarantor waives personal jurisdiction and submits itself to the jurisdiction and venue of the State Court of DeKalb County." The defendants neither filed defensive pleadings nor responded to discovery proceedings. Appellant submitted a proposed default judgment, but the trial court sua sponte issued a final order dismissing the complaint for lack of personal jurisdiction, from which this appeal is taken. *Held*:

"It is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears. [Cit.] A contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law. [Cits.]" *Hall v. Gardens Svcs.*, 174 Ga. App. 856, 857 (332 SE2d 3) (1985). The legislature has expressly declared that jurisdiction of the person may be waived insofar as the rights of the parties are concerned. OCGA §§ 15-1-2; 9-11-12 (h) (1). See *Lott v. City of Waycross*, 152 Ga. 237, 241 (110 SE 217) (1921). Also "[t]he requirement for personal jurisdiction may be waived, between the parties, by execution of a valid acknowledgment of service. [Cits.]"

*Newell v. Brown*, 187 Ga. App. 9, 10 (369 SE2d 499) (1988); accord *Cotton v. Ruck*, 157 Ga. App. 824 (278 SE2d 693) (1981). And, "[o]f course, the parties may by contract stipulate that the law of another jurisdiction will govern the transaction. See OCGA § 11-1-105 (1) [and cits.]" *Wallace v. Harrison*, 166 Ga. App. 461, 463 (304 SE2d 487) (1983). Consequently, we conclude that the trial court erred in dismissing appellant's complaint for lack of personal jurisdiction.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 16, 1989.

*Marshall H. Jaffe*, for appellant.

Harold Brooks, *pro se.*