**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 15, 2017**

# In the Court of Appeals of Georgia

A17A0213. YP, LLC et al. v. RISTICH.

MILLER, Presiding Judge.

Plaintiffs YP, LLC and YP Advertising & Publishing, LLC (collectively "YP") filed suit against Peter Ristich, d/b/a Top Seal Coating ("Ristich")[1] in this contract dispute arising from advertisements Ristich placed in the Yellow Pages directories. Ristich did not answer the complaint or respond to discovery requests. Nevertheless, the trial court sua sponte dismissed the complaint without prejudice for lack of personal jurisdiction under the Georgia Long Arm Statute, OCGA § 9-10-91, and for insufficient service of process. YP now appeals. Ristich has not appeared in this appeal. After a thorough review of the record, we conclude that the trial court erred in dismissing the complaint for lack of personal jurisdiction under the Long Arm

---

[1] Ristich's last name also appears as "Rastich" in the record.

Statute. Accordingly, we reverse the trial court's order of dismissal and remand for further proceedings consistent with this opinion.

"We review a trial court's sua sponte order of dismissal de novo." *Haygood v. Head*, 305 Ga. App. 375, 377 (1) (699 SE2d 588) (2010).

1. YP first argues that the trial court erred in dismissing the complaint sua sponte for lack of personal jurisdiction. We agree.

"Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such case[.]" (Citations and punctuation omitted.) *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979). "[A] court has a duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss a case against a defendant where personal jurisdiction is lacking." *B&D Fabricators v. D. H. Blair Investment Banking Corp.*, 220 Ga. App. 373, 375-376 (2) (469 SE2d 683) (1996)

It is well-settled, however, that parties may waive challenges to personal jurisdiction by contract. OCGA § 9-11-12 (h) (1); *C & S Capital Corp. v. Sweetwater Homes, Inc.*, 191 Ga. App. 571 (382 SE2d 399) (1989) (trial court erred in sua sponte dismissing breach-of-contract complaint for lack of personal jurisdiction where

parties agreed in the very contract at issue to submit to jurisdiction of the court). Such provisions in contracts are valid and enforceable unless "shown *by the resisting party* to be unreasonable under the circumstances." (Emphasis supplied.) *Lease Finance Group v. Delphi, Inc.*, 266 Ga. App. 173, 174 (596 SE2d 691) (2004); see also *Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795, 797-798 (1) (b) (692 SE2d 61) (2010) (enforcing forum selection clause in contract where opposing party had not shown enforcement would be unreasonable).

The trial court here concluded that YP had not established the court's personal jurisdiction over Ristich under the Georgia Long Arm Statute. Personal jurisdiction in this case, however, is not based on the Long Arm Statute, but rather is premised on Ristich's waiver of personal jurisdiction in his contract with YP. In particular, in the forum selection clause in the contract, Ristich specifically consented to personal jurisdiction in the Superior Court of DeKalb County or the U.S. District Court for the Northern District of Georgia for any disputes arising out of his contract with YP. See *C & S Capital Corp.*, supra, 191 Ga. App. at 571-572; cf. *Apparel Resources Intl., Ltd. v. Amersig Southeast, Inc.*, 215 Ga. App. 483, 484-485 (1) (451 SE2d 113) (1994) (nonresident customer waived its challenge to personal jurisdiction through unambiguous forum selection clause in contract, but waiver did not extend to

3

nonresident guarantor whose contract did not contain a forum selection clause and who otherwise lacked minimum contacts with state to otherwise confer jurisdiction).

The trial court did not consider whether the forum selection clause in Ristich's contract was reasonable – presumably because Ristich has not yet appeared in this action – and it is Ristich's burden to show that the forum selection clause is unreasonable. Absent such a showing, we presume the clause is valid. See *Equity Trust Co. v. Jones*, 339 Ga. App. 11 (792 SE2d 458) (2016) ("[F]orum selection clauses are prima facie valid and should be enforced unless *the opposing party shows* that enforcement would be unreasonable under the circumstances.") (citation omitted, emphasis supplied). Accordingly, because Ristich did not raise an affirmative defense to jurisdiction, the trial court lacked authority to assert it on his behalf by sua sponte dismissing the complaint for lack of personal jurisdiction under the Long Arm Statute. See *Focus Healthcare Medical Center v. O'Neal*, 253 Ga. App. 298, 299 (a) (558 SE2d 818) (2002) ("The trial court lacks authority to assert on behalf of a party affirmative defenses that can be waived.").

2. YP next argues that the trial court erred by dismissing the complaint for insufficient service of process because YP served Ristich in accordance with Georgia law. We agree.

4

OCGA § 9-11-4 (e) (7)[2] provides for personal service on a defendant. The record contains a return of service, which shows that Ristich was personally served with a copy of the complaint and requests to admit. This return of service is a prima facie showing of personal service. *Yelle v. U.S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995).

The trial court based its decision on the requirements for service under the Long Arm Statute. As discussed above, however, the Long Arm Statute was not the basis for the trial court's personal jurisdiction over Ristich in this case.[3] Moreover, insufficient service of process is a defense to jurisdiction that also can be waived. See OCGA § 9-11-12 (h) (1); *Merry v. Robinson*, 313 Ga. App. 321, 322 (1) (721 SE2d 567) (2011) (defendant waived challenge to service by deputy sheriff by failing to timely raise the issue); *Oasis Goodtime Emporium I, Inc. v. Cambridge Capital Group, Inc.*, 234 Ga. App. 641, 642-643 (3) (507 SE2d 823) (1998) (same).

---

[2] OCGA § 9-11-4 (e) sets out the methods for personal service. After listing specific methods for service that are not applicable here, it states, "[i]n all other cases to the defendant personally . . . ." OCGA § 9-11-4 (e) (7).

[3] Even if service were effected under the Long Arm Statute, OCGA § 9-10-94, out of state service is proper under the same provisions for service inside the state, which include personal service. See OCGA §§ 9-10-94; 9-11-4 (e).

In this case, Ristich did not appear before the trial court and has not challenged service of process. YP submitted unrebutted evidence that service was effected on Ristich personally in Ohio. Thus, YP has made a prima facie showing of service, and the trial court erred by sua sponte dismissing the complaint for insufficient service. In reaching this conclusion, we express no opinion as to the merits of any later challenge that Ristich may raise to the sufficiency of service.

For the foregoing reasons, we reverse the trial court's order dismissing YP's complaint and remand the case for further proceedings.

*Judgment reversed and case remanded. Doyle, C. J., and Reese, J., concur.*