PUBLISHED

# *VIRGINIA:*

*In the Court of Appeals of Virginia on*  **Tuesday**  *the*  **12th**  *day of* **April, 2022**.

Paul H. Lundmark,                                                                                          Appellant,

 against                    Record No. 0677-21-2
                            Circuit Court No. CR21-299-00M

Commonwealth of Virginia,                                                                         Appellee.

Upon a Petition for Rehearing En Banc

Before Chief Judge Decker, Judges Humphreys, Beales, Huff, O'Brien, Russell, AtLee, Malveaux, Athey, Fulton, Ortiz, Causey, Friedman, Chaney, Raphael, Lorish and Callins

On March 22, 2022 came the appellant, by counsel, and filed a petition requesting that the Court set aside its March 8, 2022 order dismissing this appeal and grant a rehearing *en banc* on the issues raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the petition for rehearing *en banc* is granted, the order entered herein on March 8, 2022 is vacated, and the appeal is reinstated on the docket of the Court.

The *en banc* review will be limited to reconsidering the procedural dismissal of this appeal. The request concerning merit review in the petition for rehearing is premature in light of the order entered on March 8, 2022. Accordingly, the parties are directed to file briefs addressing the issue of whether this Court has jurisdiction over this case.

The appellant's brief, which may not exceed 7,000 words, must be filed within 21 days of the date of this order. Henrico County is requested to file an answering brief, which may not exceed 7,000 words, within 14 days after the appellant's brief has been filed. Should the appellant elect to do so, he may file a reply brief, limited to 3,500 words, within 14 days of the date on which Henrico County's answering brief is filed.

The Attorney General is requested to file a brief *amicus curiae* within 14 days after Henrico County's brief is filed regarding this Court's jurisdiction in light of the procedural issues in this appeal.  *See* Rule 5A:23(d).

A Copy,

Teste:

A. John Vollino, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

PUBLISHED

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **8th** *day of* **March, 2022**.

Paul H. Lundmark,                                                Appellant,

 against            Record No. 0677-21-2
                          Circuit Court No. CR21-299-00M

Commonwealth of Virginia,                                       Appellee.

From the Circuit Court of Henrico County

Before Judges Humphreys, Causey and Senior Judge Frank

On December 27, 2021, the Commonwealth, by counsel, filed a motion asking this Court to amend the style of the case, to suspend the briefing schedule, and to grant the Attorney General leave to withdraw as counsel. On December 28, 2021, we granted the motion to suspend briefing pending further order of the Court.

By final order entered June 30, 2021, the Circuit Court of Henrico County convicted appellant of driving under the influence. The trial court sentenced appellant to incarceration in the Henrico County jail for a term of twelve months, but suspended execution of the sentence for three years. The final order lists "Henrico County Ordinance 22-2 incorporating Virginia Code Section 18.2-266," as the offense for which appellant was convicted. The order is styled "County of Henrico vs. Paul H. Lundmark." Similarly, the warrant in this case cites the Henrico County ordinance, which incorporates the state statute as the offense for which appellant was charged.

Appellant timely filed a notice of appeal in the trial court naming the Commonwealth of Virginia as the opposing party. The notice styles the case as "Commonwealth of Virginia v. Paul H. Lundmark" and was served on "the Commonwealth's Attorney for the County of Henrico." The notice of appeal lists the circuit court docket number and the date of the final order.

Consistent with the notice of appeal, the Clerk of this Court docketed the appeal as "Paul H. Lundmark v. Commonwealth of Virginia." The petition for appeal named the Commonwealth as the appellee. An assistant Commonwealth's attorney filed a brief in opposition to the petition for appeal addressing the merits of the case, signing the brief on behalf of the Commonwealth. No response was filed in the name of Henrico County. On December 15, 2021, we granted appellant's petition for appeal.

In its present motion, the Commonwealth asserts that appellant "was not tried under the Code of Virginia, but under a Henrico County ordinance," and that, therefore, "the appellee in the appeal is the County of Henrico, not the Commonwealth of Virginia." The Commonwealth states that "[w]hile the Attorney General is vested with authority to represent the Commonwealth in criminal appeals, that authority does not extend to matters related to violations of local ordinances" and thus seeks leave to withdraw as counsel. *See* Code § 2.2-511. The Commonwealth served both appellant's counsel and the Henrico County Commonwealth's Attorney with a copy of the motion.[1] The Commonwealth avers that it conferred with appellant's counsel, who advised the Commonwealth that he does not object to the motion and "does not plan to file a response to it." We grant the Commonwealth's motion to withdraw as counsel because the Attorney General does not represent localities. *See* Code § 2.2-511.

The Attorney General, on behalf of the Commonwealth, further moved the Court to amend the style of the appeal. Counsel for appellant has not filed any response to the Commonwealth's motion or moved to amend the style of the case. Henrico County has not filed an objection to the motion or otherwise entered any appearance in this case.

For the Court of Appeals to have jurisdiction over a case, a timely notice of appeal must "adequately identif[y] the case to be appealed." *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010) (citing *Ghameshlouy v. Commonwealth*, 279 Va. 379, 390 (2010)). If the notice of appeal is "sufficient on its face to

---

[1] The Attorney General's certificate of service does not indicate that the Commonwealth served Henrico County with a copy of its motion, notwithstanding the Commonwealth's position that the County is the proper party respondent.

identify" the conviction being appealed, this Court's potential jurisdiction "ripen[s]" into active jurisdiction over the specific case. *Ghameshlouy*, 279 Va. at 394. "To adjudicate an appeal, this Court must have jurisdiction over the appeal itself and the indispensable parties." *Woody v. Commonwealth*, 53 Va. App. 188, 199 (2008). "Where one, or both, is lacking, we cannot adjudicate the appeal." *Id.* "For this Court to obtain jurisdiction over an individual who was a party in the trial court, the party must be named in the notice of appeal. Otherwise, we lack jurisdiction over the party." *Id.* An appellate court does not look to other documents to determine if the notice is sufficient. *See Ghameshlouy*, 279 Va. at 394.

Here, the notice of appeal was filed timely in the circuit court. It correctly identifies the circuit court, the circuit court docket number, and the date of the sentencing order. The notice, however, incorrectly names "Commonwealth of Virginia" as the prosecuting party, indicating a violation of state law.

"The controlling documents for determining what entity served as the prosecuting authority in a criminal trial are the instrument, that is the summons, warrant, or indictment, under which the charge is brought[,] and the orders of conviction and sentencing that conclude the trial." *Roberson*, 279 Va. at 406. Here, both the warrant and final order establish that appellant was charged and convicted under Henrico County Ordinance § 22-2 for driving under the influence. Consequently, Henrico County, not the Commonwealth, was the prosecuting authority. It follows that Henrico County "was the necessary party to be identified in [the] notice of appeal as the appellee." *See id.*

Appellant did not name Henrico County as a party in the appeal and instead incorrectly listed "Commonwealth of Virginia" as the prosecuting party.

We recognize that the Supreme Court has held that a "defect in the notice of appeal that does not touch on its timeliness or the identity of the case to be appealed is procedural only" and subject to waiver. *Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021) (quoting *Roberson*, 279 Va. at 407); *Ghameshlouy*, 279 Va. at 394. In *Ghameshlouy,* the Supreme Court found that waiver occurred when the proper party did not object to the defect in the notice of appeal and filed a joint brief with the Commonwealth. 279 Va. at 394. Similarly, in *Nicholson*, the Supreme Court held that the procedural defect was waived when the locality

entered a general appearance in the case and acknowledged it had received timely notice of Nicholson's appeal, withdrew its opposition to Nicholson's motions, and consented to the relief she requested. *Nicholson*, 300 Va. at 21. In this case, however, Henrico County, an indispensable party, has not been joined in the notice of appeal, has not entered an appearance, and has not waived the procedural defect apparent on the face of the notice of appeal. As a result, the notice of appeal "failed to satisfy the minimum requirements to confer jurisdiction" on this Court. *See Roberson*, 279 Va. at 408; *see also Woody*, 53 Va. App. at 193-200 (dismissing for lack of active jurisdiction because the notice of appeal did not name the prosecuting party). Therefore, we deny the Commonwealth's motion to amend the style of the case because no proper party has requested that action.[2]

---

[2] The dissent focuses on the holding of *Nicholson* and concludes that, notwithstanding the style of the case, it can be sufficiently identified by the circuit court's docket number to convey active jurisdiction on this Court to decide this appeal. We do not disagree but that does not end the analysis. As noted above, "this Court must have jurisdiction over the appeal itself and the indispensable parties." *Woody*, 53 Va. App. at 199. The dissent's analysis addresses only the first part of this two-part inquiry and overlooks the holdings of *Roberson*, *Ghameshlouy*, and *Woody* that no appeal can be resolved without notice to all indispensable parties or a waiver of any procedural defects in notice to them. *See, e.g.*, *Roberson*, 279 Va. at 408 (holding that where the notice of appeal named only the Commonwealth, this "Court did not have jurisdiction over the appeal of Roberson's conviction for DUI under" a local ordinance); *Ghameshlouy*, 279 Va. at 394 (holding that "the defect in the notice of appeal in not naming the proper appellee, *which otherwise would have justified dismissal of the appeal*, was potentially subject to waiver" and that a waiver occurred when the City joined in the Commonwealth's brief (emphasis added)); *Woody*, 53 Va. App. at 200 (holding that the failure to name an indispensable party "is a failure to transfer jurisdiction over *the indispensable party* from the trial court to the appellate court" (emphasis added)). There is nothing in the record or pleadings currently before us that indicate that Henrico County has been joined as a party to this appeal or has waived the clear procedural defects made by appellant in its pursuit. While the Henrico County Attorney or the Commonwealth's Attorney acting on behalf of Henrico County *could* enter an appearance on behalf of Henrico County and waive any defects in the notice of appeal filed by appellant, as in the case of *Johnson v. Commonwealth*, ____ Va. App. ____ (Feb. 15, 2022), neither has done so and the pleadings are entirely devoid of any indication that Henrico County is a party to this appeal or has notice of it. Indeed, the brief in opposition filed by the attorney for the Commonwealth clearly indicated that it was being filed on behalf of the Commonwealth—not Henrico County. Thus, "even though we have jurisdiction over the appeal itself, we do not have jurisdiction over the County — an indispensable party." *Woody*, 53 Va. App. at 200.

Upon further consideration, we conclude that we do not have jurisdiction over this appeal because appellant failed to join an indispensable party. *See Roberson*, 279 Va. at 408; *see also Woody*, 53 Va. App. at 193-200. Accordingly, the appeal in this case is dismissed.[3]

This issue arises with such regularity[4] that members of the bar may benefit from the publication thereof, and the clerk is so directed.

_____

Causey, J., dissenting.

This Court has jurisdiction and should consider the case on the merits because appellant timely filed his petition and adequately identified the case to be appealed.

"In order to confer active jurisdiction on an appellate court, a notice of appeal must be timely, and it must 'adequately identif[y] the case to be appealed.'" *Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021) (quoting *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010)). In *Nicholson*, the Supreme Court "conclude[d] that [appellant's] notice of appeal was sufficient to identify the case being appealed," even though "the notice of appeal incorrectly named the Commonwealth of Virginia rather than [the County]" as

---

[3] Of course, our judgment here does not foreclose appellant from pursuing a delayed appeal of the circuit court's judgment in this case or a petition for a writ of habeas corpus. *See* Code §§ 19.2-321.1 and 8.01-654.

[4] The apparent reason this problem arises with such regularity is that by arrangement with the local governing body pursuant to Code § 15.2-1627(A), many Commonwealth's Attorneys prosecute violations of local ordinances on behalf of the locality. When they do so, the trial court and counsel for both parties frequently fail to note an important distinction. The term "Commonwealth's Attorney" is simply a commonly used shorthand term for the office formally designated by Article 7, Section 4 of the Constitution of the Commonwealth as the "attorney for the Commonwealth." When a person holding that office, or one of their assistants, prosecutes a violation of a local ordinance, they are not acting as the attorney for the Commonwealth when they do so. Rather, the prosecutor is the attorney for the locality, in this case Henrico County. In such cases the prosecutor, counsel for the defendant, and the trial court should recognize that role clearly throughout the proceedings in the trial court and it is the responsibility of an appellant to name and notify the proper party in their pleadings on appeal. While a misnomer in doing so is not necessarily fatal to an appeal, failure to clearly join an indispensable party is.

the prosecuting authority, because the notice "listed [appellant's] name, the date of the final order, the court in which the conviction originated, and the correct docket number." 300 Va. at 24.[5]

In this case, as in *Nicholson*, appellant incorrectly named the Commonwealth as appellee instead of the County. Also, like *Nicholson*, appellant timely filed his notice of appeal. And, just as in *Nicholson*, the notice was sufficient to identify the case being appealed because it stated appellant's name and correctly listed the date of the final order, the court in which the conviction originated, and the docket number. Thus, active jurisdiction has been conferred upon the Court here.

This case, like many tried daily throughout the Commonwealth, is docketed, styled, and filed under the incorrect name. In practice, when a citizen files an appeal, she does so according to the docket number.[6] The citizen does not have control over the docketing or style of the case. Even here, where the parties were represented, there were difficulties with the styling of the case name. If we cannot expect legal professionals to easily navigate styling the case name, how can we expect the average *pro se* litigant to do so? In *Nicholson,* this Court remanded the case with direction to "promptly determine" the parties and ordered the style of the case to be corrected by the circuit court judge, evidencing that it is not easy for a citizen to change the docketing style of a case. 300 Va. at 21. Doing so requires an order of the court. The Attorney General in this case knew how difficult it is to change the style of a case and filed a motion asking this Court to enter orders correcting the style. This Court should grant the motion to amend the style of the case.

---

[5] *Nicholson* created a bright-line definition of what confers active jurisdiction for the Court of Appeals of Virginia and established four elements that "adequately identif[y]" a case for the purposes of conferring active jurisdiction on this Court. 300 Va. at 22 (alteration in original). Active jurisdiction = timely filed notice of appeal + notice of appeal "adequately identif[ies] the case." *Id.* Four elements that "adequately identify" the case being appealed are: 1. appellant's name, 2. the date of the final order, 3. the court in which the conviction originated, and 4. the correct docket number. *Id.* at 24.

[6] "A docket number is a specific identifier for a particular case." *Nicholson*, 300 Va. at 23-24 (quoting *Docket Number*, *Black's Law Dictionary* (11th ed. 2019), which defines "docket number" as "[a] number that the court clerk assigns to a case on the court's docket"). "A docket number is relevant in identifying the case that is being appealed." *Id.* at 24.

-6-

The Supreme Court has made clear that "[a]ny defect in the notice of appeal that does not touch on its timeliness or the identity of the case to be appealed is procedural only."[7] *Nicholson*, 300 Va. at 22 (quoting *Roberson*, 279 Va. at 407). For example, in *Nicholson*, appellant's act of naming the Commonwealth instead

---

[7] In this case, however, the majority contends that Henrico County has not appeared and has not waived the procedural defect apparent on the face of the notice of appeal. As a result, the majority concludes that "the notice of appeal 'failed to satisfy the minimum requirements to confer jurisdiction' on this Court." The majority asserts that the proper outcome is for us to "deny the Commonwealth's motion to amend the style of the case because no proper party has requested that action." The majority further "conclude[s] that we do not have jurisdiction over this appeal because appellant failed to join an indispensable party."

The majority mistakenly concludes that such a defect deprives this Court of jurisdiction and requires us to dismiss the appeal. As discussed above,"[a]ny defect in the notice of appeal that does not touch on its timeliness or the identity of the case to be appealed *is procedural only*." *Nicholson*, 300 Va. at 22 (emphasis added) (quoting *Roberson*, 279 Va. at 407). Moreover, "any error that is procedural only *does not deprive this Court of active jurisdiction nor mandate dismissal of the appeal*." *Houston v. City of Newport News Dep't of Hum. Servs.*, No. 1456-16-1, slip op. at 5 (Va. Ct. App. July 11, 2017) (emphasis added) (citing *Evans v. Commonwealth*, 61 Va. App. 339, 345 (2012)). The majority "conclude[s] that we do not have jurisdiction over this appeal because appellant failed to join an indispensable party." The Supreme Court reversed *Ghameshlouy v. Commonwealth*, a similarly postured case this Court had decided according to reasoning similar to what the majority applies here—that "[t]he failure to join an indispensable party is a jurisdictional defect that requires dismissal of the appeal." 54 Va. App. 47, 51 (2009), *rev'd*, 279 Va. 379 (2010). Recently, the Supreme Court reiterated its position on this issue. *See Nicholson,* 300 Va. at 22 (quoting the same language from *Ghameshlouy*, 54 Va. App. at 51, and noting the reversal). The failure to join an "indispensable party" was not grounds for dismissal in *Ghameshlouy* and is not so in the case before us. Even if a representative for Henrico County failed to appear and waive the procedural defect, this defect *remained procedural*. The fact that the defect remains unwaived does not transform the defect into one that requires dismissal of a case over which we have active jurisdiction.

As the Supreme Court noted in *Ghameshlouy*, "[j]urisdiction is a word of many, too many, meanings." 279 Va. at 388 (quoting *Ghameshlouy*, 54 Va. App. at 57). The majority seems to contend that it is dismissing this case for lack of personal jurisdiction, not lack of subject matter jurisdiction. However, the cases on which the majority bases its ruling concern subject matter jurisdiction, not personal jurisdiction. *See Ghameshlouy*, 279 Va. at 388-90. The Court in *Ghameshlouy* began its analysis by "identifying those aspects of the jurisdiction of the Court of Appeals with which we *are not* here concerned. First, we are not concerned with the statutory jurisdiction of the Court of Appeals to consider the subject matter of this appeal." *Id.* at 389 (emphasis in original). "*Nor are we concerned with whether the Court could exercise personal jurisdiction* over the City[.]" *Id.* (emphasis added). "Rather, the issue with which we are concerned is . . . did the filing of the . . . notice of appeal cause the potential jurisdiction of the Court of Appeals over this type of appeal to ripen into *active jurisdiction* over the appeal of that specific case." *Id.* at 389-90 (emphasis added). "*[S]ubject matter jurisdiction*, perhaps best understood as the 'potential' jurisdiction of a court, is the authority granted to it by constitution or statute over a specified class of cases or controversies, and *becomes 'active' jurisdiction*[.]" *Id.* at 388 (emphasis added). Thus, in *Ghameshlouy* and the line of cases citing *Ghameshlouy*, the Court's holdings have been based on whether this Court had subject matter jurisdiction. In that line of cases, as previously discussed, the Supreme Court has held that the presence of an "indispensable party" has no bearing on the determination of whether this Court has subject matter jurisdiction. Accordingly, the dissent does not agree with the majority's reliance on *Ghameshlouy* and its progeny for its holding that the absence of an "indispensable party" deprives us of jurisdiction—personal or subject matter.

of the County in styling the case was a procedural defect, subject to waiver. *Id.* at 22, 24. The Supreme

Court went on to explain that when the County "entered a general appearance," it "waived any defect

associated with a failure to notify the County" or name the proper party. *Id.* at 24. We applied this holding in

*Johnson v. Commonwealth*, ____ Va. App. ____ (Feb. 15, 2022). In *Johnson*, like in this case and like in

*Nicholson*, the case name was styled incorrectly. In *Johnson*, we found that this incorrect styling of the case

name was a procedural defect. Employing the holding from *Nicholson*, we concluded that this procedural

defect was waived because "the proper party," the "City Attorney," "entered a general appearance and

requested that the Court amend the style of the case." We therefore granted the City's motion to amend the

style of the case to reflect that the City is the proper appellee. We declined to dismiss the case and instead

reinstated the previously suspended briefing schedule, permitting the parties to proceed to the merits of the

case.

In this case, Henrico County did make an appearance and thus waived the procedural defect caused by

the incorrect case styling. The County was represented by the Henrico County Commonwealth Attorney's

office. Eduardo L. Lopez, Esq., was the assistant Commonwealth's attorney for Henrico County who

prosecuted this case for the County of Henrico in the circuit court. He filed the brief in opposition to the

petition for appeal in this Court, addressing the merits of the case. Additionally, the version of Code

§ 15.2-1627 in place at the time of appeal stated:

> A. No attorney for the Commonwealth, or assistant attorney for the
> Commonwealth, shall be required to carry out any duties as a part of his office
> in civil matters of advising the governing body and all boards, departments,
> agencies, officials and employees of his county or city; of drafting or preparing
> county or city ordinances; of defending or bringing actions in which the county
> or city, or any of its boards, departments or agencies, or officials and employees
> thereof, shall be a party; or in any other manner of advising or representing the
> county or city, its boards, departments, agencies, officials and employees,
> *except in matters involving the enforcement of the criminal law within the
> county or city.*
>
> B. The attorney for the Commonwealth and assistant attorney for the
> Commonwealth *shall* be a part of the department of law enforcement of the
> *county or city in which he is elected or appointed,* and *shall* have the duties and
> powers imposed upon him by general law, *including the duty of prosecuting all*

> *warrants, indictments or informations charging a felony, and he may in his discretion, prosecute Class 1, 2 and 3 misdemeanors, or any other violation, the conviction of which carries a penalty of confinement in jail, or a fine of $500 or more, or both such confinement and fine.* He shall enforce all forfeitures, and carry out all duties imposed upon him by § 2.2-3126. He may enforce the provisions of §[§] 18.2-268.3, 29.1-738.2, 46.2-341.20:7, or 46.2-341.26:3.

(Emphasis added).

The version of the statute that took effect on January 1, 2022, includes the following clause at the end of subsection (B):

> *He may, in his discretion, file a notice of appeal with the circuit court for the appeal of a criminal case for which he was the prosecuting attorney and he may appear and represent the Commonwealth in any criminal case on appeal before the Court of Appeals* or the Supreme Court for which he was the prosecuting attorney, provided that the Attorney General consented to such appearance pursuant to § 2.2-511.

(Emphasis added).

Although Mr. Lopez signed the brief in opposition to the appeal on behalf of the Commonwealth, many of the court documents in this case, including exhibits, court reporter's transcripts, briefs filed, motions, and clerk's dockets, style the case as *Commonwealth v. Lundmark*. The error in the styling of the name even extends to the website case information and orders entered and signed by the trial judge. Despite this error, the circuit court recognized Henrico County as a party present in the case. As such, the majority cannot reasonably assert that there is "*nothing* in the record or pleadings currently before us that indicate that Henrico County has been joined as a party to this appeal or has waived the clear procedural defects." Further, even if Mr. Lopez intended to represent the Commonwealth when he filed the brief opposing the petition for appeal, basic ethical principles prohibit the representation of separate and potentially adversarial parties. Mr. Lopez could not have entered an appearance on behalf of Henrico County and represented the Commonwealth because doing so presented a conflict of interest. It is quite apparent that Mr. Lopez, in his ongoing representation of Henrico County, simply signed the brief as he had throughout the circuit court proceedings—according to the way the case was styled. In doing so, he entered a general appearance in this

-9-

Court on behalf of Henrico County, and the same parties who had notice and were present for the case in circuit court are present here.

Additionally, the fact that the Attorney General somehow became involved in this appeal and remains listed as the attorney of record for the appellee has little bearing on whether the County entered an appearance. The Attorney General served the Commonwealth's attorney for the County of Henrico with notice of its motions to withdraw from this case and change the style of the case. Mr. Lopez did not object to either motion or file a motion, on behalf of the Commonwealth's attorney for the County of Henrico, to withdraw from representing Henrico County. I find no evidence to support the majority's theory that an indispensable party is not present. Thus, like the appellees in *Johnson* and in *Nicholson*, the appellee has waived the procedural defect.

All of the appropriate parties to this action have been given proper notice of appeal. Two attorneys from two different offices have made an appearance on behalf of the appellee. The Attorney General purports that, by statute, it is not permitted to represent localities regarding violations of local ordinances. The Commonwealth's attorney for the County of Henrico received the notice of the appeal on behalf of the Commonwealth and signed the brief in opposition to the petition for appeal. Both offices effectively have notice of the appeal, made an appearance, and waived the defect caused by the misstyling of the case name. The majority cannot assert that "the pleadings are entirely devoid of any indication that Henrico County . . . has notice of [this appeal]." This case is not like a civil case between two natural persons, where the indispensable party doctrine normally applies. Rather, one of the parties in this case is Henrico County. The County is not a natural person who has been unaware of the appeal of this case. The Commonwealth's attorney for the County of Henrico has notice of the appeal of this case. Therefore, Henrico County also has notice of the appeal of this case. There is no "County"—no other entity—who also needs to be informed about the appeal of the case.

The Supreme Court of Virginia has "repeatedly stated, [that] 'no litigant . . . will be permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own

wrong.'" *Garlock Sealing Techs., LLC v. Little*, 270 Va. 381, 388 (2005) (alteration in original) (quoting *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367 (2003)); *see also In re Commonwealth*, 278 Va. 1, 12-13 (2009) (concluding that the Commonwealth was not "allowed to approbate and reprobate" by taking inconsistent positions in two related but different cases, a criminal proceeding and a mandamus action). We should not permit the Commonwealth to take inconsistent positions in similarly postured cases as it attempts to do here and in *Nunez v. Commonwealth*, Record No. 0008-21-4, which recently came before this Court for oral argument. The same Assistant Attorney General, Ken Baldassari, who filed the motion to withdraw from representing the Commonwealth in this case, wrote the brief on behalf of the Commonwealth for *Nunez*. In his brief for *Nunez*, Mr. Baldassari included a footnote asserting that, even though, like in this case, the defendant was convicted of violating a local ordinance and the Commonwealth, rather than the County, was named as the appellee in the notice of appeal, this Court has active jurisdiction over the case.[8]

---

[8] The Attorney General included the following footnote in his brief for *Nunez*:

> The warrant in this case references a violation of "82-1-6/18.2-266/18.2-270." (JA 1). Fairfax County Code § 82-1-6 adopts and incorporates Code §§ 18.2-266 and 18.2-270 by reference. But the final conviction order entered by the Fairfax County Circuit Court styled the case as "Commonwealth of Virginia versus Dominic Alex Nunez." (JA 6–7). "A court speaks only through its orders." *Richardson v. Commonwealth*, 67 Va. App. 436, 446, 796 S.E.2d 854, 859 (2017) (quoting Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964)). Compare *Ghameshlouy v. Commonwealth*, 279 Va. 379, 385, 689 S.E.2d 698, 700 (2010) (stating "[a]n order of conviction for violation of [Virginia Beach City Code] § 23-7.1, styled 'CITY v. ERIC AMIR GHAMESHLOUY,' was entered on July 30, 2007"). The final order does not reference a specific code section within, but states Nunez was found guilty of "DRIVING WHILE INTOXICATED, FIRST OFFENSE, BAC. 15-.20%, as charged in the warrant." (JA 6–7). The "Abstract of Conviction" includes the following notation: "STATUTE: 82-1-6 (18.2-266; 18.2-270)." (JA 7). Rule 5A:6 "requires the notice of appeal to identify the case being appealed." *Evans v. Commonwealth*, 61 Va. App. 339, 341, 735 S.E.2d 252, 252 (2012). More recently, though, the Supreme Court of Virginia held that a notice of appeal which incorrectly named the Commonwealth of Virginia, rather than Albemarle County was not fatally defective, but rather was subject to waiver, as the notice sufficiently identified the case being appealed. *Nicholson v. Commonwealth*, 300 Va. 17, 24, 858 S.E.2d 821, 824 (2021). The Court observed the notice of appeal "listed her name, the date of the final order, the court in which the

Apparently, the Attorney General, when it chooses to, does represent, and has the authority to represent, the Commonwealth in matters related to violations of local ordinances, although they state in their motion to withdraw that "[w]hile the Attorney General is vested with authority to represent the Commonwealth in criminal appeals, that authority does not extend to matters related to violations of local ordinances." Clearly, the motion to withdraw from this case was made in error because the Attorney General represents the Commonwealth in *Nunez*. The Commonwealth cannot approbate and reprobate by taking inconsistent positions in nearly factually identical cases. Both this case and *Nunez* involve violations of local ordinances that incorporate Code § 18.2-266, driving while intoxicated. Both case names are misstyled, with the Commonwealth named as the appellee instead of the relevant county. The cases are identical for all purposes relevant to jurisdiction and should be subject to the same review.

I am especially concerned with the majority's decision to dismiss this case because no reason to do so has been articulated by any party. Once a case has been properly appealed, the Court does not have the authority to *sua sponte* dismiss it without reason.[9] The analysis of this case should turn "on the purpose

conviction originated, and the correct docket number." *Id*. The Court also found that Albemarle County by entering a "general appearance" waived "any defect associated with a failure to notify the County." *Id*. Similarly, Nunez provided the correct name, the date of the conviction, the court in which the conviction originated, and the correct docket number in his notice of appeal. (JA 5). The final order, though, was not actually entered until January 5, 2021, which was after Nunez had filed his notice of appeal. (JA 5–7).

Appellee Br. at 3 n.1.

[9] To the extent that the majority argues that it is dismissing this case based on lack of personal jurisdiction over "the indispensable parties," the dissent notes that other appellate courts, both federal and state, have concluded that courts should not *sua sponte* dismiss a case for lack of personal jurisdiction. *See Pilgrim Badge & Label Corp. v. Barrios*, 857 F.2d 1, 3 (1st Cir. 1988) ("[T]he caselaw appears uniform in concluding that a district court has no authority, *sua sponte,* to dismiss for lack of personal jurisdiction."); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("We hold that a district court may not dismiss an action *sua sponte* for lack of personal jurisdiction except when a default judgment is to be entered."); *Triffin v. Se. Pa. Transp. Auth.*, 225 A.3d 152, 157 (N.J. Super. Ct. App. Div. 2020) ("[T]he waived defense of lack of personal jurisdiction could not be resurrected by the trial judge sua sponte[.]"); *YP, LLC v. Ristich*, 801 S.E.2d 80, 81 (Ga. Ct. App. 2017) ("[B]ecause [the defendant] did not raise an affirmative defense to jurisdiction, the trial court lacked authority to assert it on his behalf by sua sponte dismissing the complaint for lack of personal jurisdiction under the Long Arm Statute.").

-12-

behind rules governing a notice of appeal. As the Supreme Court of Virginia has made plain, these rules have been designed to protect the appellee, not to penalize the appellant." *Carlton v. Paxton*, 14 Va. App. 105, 110 (citing *Avery v. Cnty. Sch. Bd.*, 192 Va. 329, 333 (1951)) *adopted upon reh'g en banc*, 15 Va. App. 265 (1992). "[T]he purpose of the notice of appeal is merely to place the opposing party on notice and to direct the clerk to prepare the record on appeal." *LaCava v. Commonwealth*, 283 Va. 465, 469 n.* (2012). It has never been "required that a notice of appeal be precise, accurate, and correct in every detail before [an] appellate court can acquire jurisdiction over the case in which the notice is filed." *Ghameshlouy*, 279 Va. at 391. Further, "[a]s a general rule, insubstantial defects in a timely filed appeal 'should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.'" *Evans*, 61 Va. App. at 344 (quoting *Christian v. Va. Dep't of Soc. Servs.*, 45 Va. App. 310, 315 (2005)). Here, the parties have been given notice of the appeal. To the extent there are concerns about prejudice to the appellee, it cannot be said that Mr. Lopez, who represents Henrico County, has no notice of the appeal. There is no genuine doubt as to the identity of the parties or the case at issue. Dismissal of this case unfairly penalizes appellant for a procedural defect.

What is before this Court? Before this Court is a properly appealed case that should be heard on the merits. The Commonwealth, by counsel, has filed a motion asking to amend the style of the case, suspend the briefing schedule, and grant the Attorney General leave to withdraw as counsel. The motion to suspend the briefing schedule was granted pending further order of this Court. The motion to amend the style of the case should be granted as requested by counsel without objection. The correct style of the case should be *Paul H. Lundmark v. County of Henrico*.

This is a criminal appeal. By statute, the Attorney General shall represent the Commonwealth in all criminal appeals and must comply with Code § 2.2-511 regarding withdrawal. Currently, this requirement

has not been met; therefore, the Attorney General should not be granted leave to withdraw and must comply with Code § 2.2-511.

For the reasons stated above, I respectfully dissent.

———————————

Accordingly, this appeal is dismissed.

This order shall be certified to the trial court.

A Copy,

Teste:

A. John Vollino, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

-14-